**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Palmetto Therapy Services, Inc.,<br>Debtor. | C/A No. 26-01041-EG<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION TO DEEM NONRESIDENTIAL LEASE REJECTED PURSUANT TO 11 U.S.C. § 365(d)(4) AND DIRECTING SURRENDER OF THE PREMISES** |

**THIS MATTER** comes before the Court on the Motion for Order that the Nonresidential Lease Was Deemed Rejected Pursuant to 11 U.S.C. § 365(d)(4), and to Direct Immediate Surrender of the Premises (the "Motion") filed by Plantation Center of Hilton Head, LLC ("Plantation") on July 21, 2026.[1] The Motion seeks the entry of an Order determining that the unexpired lease of nonresidential real property between Palmetto Therapy Services, Inc. ("Debtor") and Plantation, the lessor, for the commercial premises located at 811 William Hilton Parkway, Hilton Head Island, South Carolina (the "Lease" or the "Premises") is deemed rejected as a matter of law pursuant to 11 U.S.C. § 365(d)(4) and directing the Debtor to immediately surrender possession of the Premises to Plantation. Debtor filed an untimely Response in Opposition to the Motion.[2]

A hearing was held on the Motion on July 30, 2026, at which Debtor's counsel, Debtor's representative,[3] counsel for the United States Trustee (the "UST"), and counsel for Plantation

[1] ECF No. 68.
[2] Debtor filed an Objection to Motion on July 29, 2026 (the "Objection"). ECF No. 90. Pursuant to this Court's Order and Notice of Emergency Hearing, any objection, return, or response to the Motion was required to be filed and served no later than 4:00 p.m. on July 27, 2026. ECF No. 74. Notwithstanding the Debtor's failure to timely object, the Court heard and considered the Debtor's Objection at the Hearing.
[3] On the eve of the scheduled hearing, Debtor filed a Motion for Continuance of Hearings calendared for July 30, 2026, seeking a continuance for an unspecified period of time because of a letter from a licensed medical doctor, dated

appeared. Also scheduled for hearing on July 30, 2026, was the Motion to Dismiss Chapter 11 Case filed by the UST (the "Motion to Dismiss"), to which Plantation and the Debtor each filed Responses.[4] At the commencement of the hearing, the Court announced that it would first consider Plantation's Motion.

This Court has jurisdiction to enter a final order on the Motion pursuant to 28 U.S.C.§§ 157 and 1334. The issue to be decided is a core matter under 28 U.S.C. § 157(b)(2)(A) and (M). For the reasons set forth below, the Motion is granted.

## FACTUAL BACKGROUND

On March 8, 2026, Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and elected treatment under subchapter V.[5] Debtor leases the Premises on which Debtor's related entity, Lava 24 Fitness HHI, LLC ("Lava"), operates a fitness center.

Pursuant to 11 U.S.C. § 1188, the Court scheduled a status conference for April 9, 2026.[6] On April 7, 2026, Debtor filed its Subchapter V Status Report, representing, among other things, that it was seeking investment capital from a third party to recapitalize Debtor and Lava to enable ongoing rent and operating expense payments without interruption, to budget for marketing, and to fund future gym operations.[7] At the April 9, 2026 status conference, the UST and the Subchapter V Trustee identified deficiencies in Debtor's case. Accordingly, on April 9, 2026, the

July 29, 2026, advising that Debtor's principal should not appear in Court on July 30, 2026, or "within the immediate future." The Court denied the request for a continuance but allowed Debtor's representative to appear through remote means.

[4] ECF No. 50, filed by the UST on June 30, 2026, and ECF No. 70, filed by Plantation, and ECF No. 76, filed by the Debtor on July 21, 2026, respectively.

[5] ECF No. 1.

[6] ECF No. 7.

[7] ECF No. 25.

Court entered an Order requiring Debtor to file all missing schedules and statements, monthly operating reports, and an application to employ an accountant no later than April 13, 2026.[8]

Debtor failed to timely comply with several of the requirements set forth in the Court's April 9, 2026, Order.[9] Specifically, no application seeking the retention of an accountant has been filed, despite the Court's denial of Debtor's Motion to Extend Time to File that Application submitted on July 23, 2026.[10] Likewise, although Debtor ultimately filed its Monthly Operating Reports, those reports were not timely filed. The Monthly Operating Report for March 2026 was not filed until May 8, 2026; the Monthly Operating Report for April 2026 was not filed until June 17, 2026; and the Monthly Operating Report for June 2026 was not filed until July 29, 2026, the day before the hearing on Plantation's Motion.[11]

Pursuant to 11 U.S.C. § 1189, Debtor's Subchapter V Plan was due on June 8, 2026.[12] Debtor filed a Motion to Extend the Deadline to File Plan (the "Motion to Extend Time for Plan") four days after expiration of that deadline, requesting a thirty-day extension.[13] In the Motion to Extend Time for Plan, Debtor asserted that it was diligently seeking financing in the form of investments or a loan to fund its plan and also exploring subtenancies for a portion of the Premises, which might enable Debtor to cure the arrearages over the remaining term of the Lease. Debtor admitted that it had not yet secured a contractual commitment; therefore, it requested an extension of time to obtain funding.[14] As an additional ground for relief, the Motion to Extend Time for Plan

[8] ECF No. 33.
[9] ECF No. 54.
[10] ECF No. 84. The Court denied any future extension on July 24, 2026. ECF No. 85.
[11] ECF No. 39, ECF No. 46, and ECF No. 88, respectively. The Court further notes that, in the June 2026 Monthly Operating Report, the Debtor reported gross operating revenues of $32,931.73, operating expenses of $30,577.10, and net cash flow of only $2,354.60. The Lease requires monthly rent of approximately $30,000.00, due in advance on the first of each month.
[12] The ninety-day deadline to file a subchapter V plan expired on June 6, 2026—a Saturday. Accordingly, pursuant to Fed. R. Bankr. P. 9006(a)(1)(C), the deadline was extended to Monday, June 8, 2026.
[13] ECF No. 41.
[14] *See id.*

stated that counsel had been unaware of the statutory deadline imposed by 11 U.S.C.§ 1189 because it was his first subchapter V case.[15] The UST and Plantation objected to the Motion to Extend Time for Plan.[16]

At the hearing on the Motion to Extend Time for Plan held on July 2, 2026, Nathan Dixon ("Dixon"), Debtor's principal, testified that although Debtor had initially sought outside investment funding, it now intended to fund a plan through anticipated increases in Lava's operating revenues resulting from expanded programming and marketing efforts. Dixon further testified that Debtor had obtained an extension to file its 2025 tax returns and was working with an accounting firm to complete those returns, although no application to employ an accountant had been approved by the Court. Dixon also acknowledged that postpetition rent payments had not been timely made, that Debtor would not be able to cure its rental arrearages on the effective date of a plan or within the "next several months," and that the arrearages would instead be paid over time. The Subchapter V Trustee expressed concern that any proposed plan or disclosure statement would merely constitute a "placeholder" pending the occurrence of future events.

On July 2, 2026, the Court entered its Order Denying Motion to Extend Deadline to File Plan.[17] In that Order, the Court concluded that, although Debtor had failed to establish circumstances for an exception to the requirements of 11 U.S.C. § 1189(b), it would allow Debtor to amend its voluntary petition to withdraw its subchapter V election no later than July 8, 2026.[18] The Court further ordered that, if Debtor elected to proceed as a traditional chapter 11 debtor, it was required to file *both* a chapter 11 plan and disclosure statement no later than July 16, 2026.[19]

---

[15] *See id.*
[16] ECF Nos. 42, filed on June 10, 2026, and ECF No. 45, filed on June 15, 2026, respectively.
[17] ECF No. 54.
[18] *Id.*
[19] *Id.*

On July 8, 2026, Debtor timely filed an Amended Voluntary Petition withdrawing its election to proceed under subchapter V.[20] On July 13, 2026, the Court entered a Supplemental Order requiring that Debtor file an application to employ an accountant no later than July 23, 2026.[21]

Debtor filed a proposed chapter 11 plan on July 16, 2026, however, it failed to timely file the accompanying disclosure statement, as it had been ordered, and instead sought an extension of that deadline.[22] In Debtor's Motion to Extend Time to File Disclosure Statement (the "Motion to Extend Time for Disclosure Statement"), it asserted that it was unable to complete the requested financial disclosures and projections because its principal was required to undertake what Debtor described as "essential and emergency travel to secure equipment necessary to keep Lava operating and for projected growth."[23] The Motion to Extend Time for Disclosure Statement further represented that Debtor's principal was experiencing unusual stress due to the unexpected business travel and related business pressures. The Court granted a brief extension through July 21, 2026.[24] Debtor thereafter filed its Disclosure Statement, together with an Amended Chapter 11 Plan, on July 21, 2026.[25] However, no application to employ an accountant was ever filed.

On July 16, 2026–ten days after expiration of the statutory deadline imposed by 11 U.S.C. § 365)(d)(4)–Debtor filed a Motion for Extension of Time to Assume Lease (the "Motion to Extend Time to Assume"), requesting an additional sixty days within which to assume the Lease.[26] In support of the Motion to Extend Time to Assume, Debtor argued that, during the July 2, 2026 hearing, Dixon had indicated that Debtor intended to assume the Lease, and therefore, had sufficiently demonstrated its intent to do so. Debtor further asserted that, if it were not permitted

[20] ECF No. 55.
[21] ECF No. 58.
[22] ECF No. 61.
[23] ECF No. 61.
[24] ECF No. 65.
[25] ECF No.77 and ECF No. 78, respectively.
[26] ECF No. 62.

to assume the Lease and was required, instead, to vacate the Premises, its source of operating revenue would terminate, the Lease could not be cured, and its secured creditor, Bankers Healthcare Group, LLC, would not receive any distribution on its claim.

Plantation filed its Objection to Debtor's Motion to Extend Time to Assume Lease on July 17, 2026.[27] Plantation asserted that the statutory deadline imposed by 11 U.S.C. § 365(d)(4) expired on July 6, 2026, that no timely motion to assume the Lease had been filed, that no plan had been confirmed, and that, pursuant to 11 U.S.C. § 365(d)(4)(B), the Court lacked authority to extend the statutory deadline after its expiration.

Plantation subsequently filed the Motion currently before the Court on July 21, 2026, requesting: (i) a denial of any request to extend the statutory deadline, (ii) a determination that the Lease had been deemed rejected by operation of 11 U.S.C. § 365(d)(4), (iii) a finding that Debtor had a duty to immediately surrender the Premises to Plantation, and (iv) the entry of an Order directing that surrender.[28] Plantation contemporaneously filed a Motion for Expedited Hearing,[29] which the Court granted.[30] The Court entered the Order and Notice of Emergency Hearing scheduling the Motion for hearing on July 30, 2026, establishing an expedited briefing schedule, and requiring any objection or response to be filed and served no later than July 27, 2026. On July 29, 2026, two (2) days after the expiration of the Court's response deadline, the Debtor filed its Objection.[31]

[27] ECF No. 66.
[28] ECF No. 68.
[29] ECF No. 69.
[30] ECF No. 74.
[31] ECF No. 90.

On July 21, 2026–135 days after the Petition Date–Debtor filed a Motion to Assume Lease.[32] The Motion to Assume Lease was not accompanied by a request for emergency consideration and was self-scheduled for hearing on September 24, 2026.

Although the Motion to Assume Lease was not before the Court on July 30, 2026, the Court notes that the factual representations contained therein are not entirely consistent with Debtor's proposed Amended Chapter 11 Plan ("Amended Plan").[33] In the Motion to Assume Lease, Debtor represents that it proposes to cure all rental arrearages by the effective date of the plan. However, the Amended Plan represents that Debtor is in final negotiations concerning an undisclosed loan which, if funded, would permit payment of the arrearages on the effective date. No information on that alleged loan was provided. The Amended Plan further provides that, if such financing cannot be obtained, and Debtor is unable to fund a full cure of all the prepetition rent arrearages and stub rent as of the effective date, Debtor would cure the arrearages over a fifteen-month period through installment payments–$5,000.00 for the first three months and then $8,911.00 for the next twelve months. The *pro forma* financial projections, filed as Exhibit E to Debtor's Disclosure Statement, appear to contemplate payment of the arrearages over an approximate twelve-month period. The Court observes these inconsistencies in the record but did not rely upon them in determining the legal issue presented by the Motion.

The record further reflects that, on June 30, 2026, the UST filed its Motion to Dismiss Case ("Motion to Dismiss") pursuant to 11 U.S.C. § 1112(b), asserting, among other things, Debtor's failure to file tax returns due after the order for relief, failure to timely file a subchapter V plan, and the existence of a continuing negative cash flow with no reasonable likelihood of

---

[32] ECF No. 72.
[33] ECF No. 78.

rehabilitation.[34] The Motion to Dismiss was filed before this Court entered its July 2, 2026 Order denying Debtor's Motion to Extend Time for Plan and before Debtor amended its petition to withdraw its subchapter V election and remains pending.

Plantation filed a Response to the Motion to Dismiss indicating that it did not oppose dismissal of the chapter 11 case but requesting that dismissal not occur until the Court entered an order under 11 U.S.C. § 365(d)(4) which provided for the immediate surrender of the Premises to Plantation as required by law.[35] Debtor, in turn, filed a Response opposing dismissal and asserting that dismissal would defeat its proposed reorganization, but admitting that it missed its July 6, 2026 deadline to accept or reject the Lease pursuant to 11 U.S.C. § 365(d)(4) and acknowledging Plantation's right to turnover of the Premises through the pending Motion.[36] Debtor, however, also indicated that it would consent to dismissal of its pending bankruptcy case conditioned on the case being dismissed with prejudice *prior* to the Court ruling on this Motion.[37]

Both the Motion and the Motion to Dismiss were scheduled for hearing on July 30, 2026, but at the commencement of the hearing, the Court announced that it would consider Plantation's Motion first because the threshold issue of whether the Lease had been deemed rejected and the Premises should be surrendered affected the viability of Debtor's continued reorganization efforts.

---

[34] ECF No. 50.
[35] ECF No. 70.
[36] ECF No. 76.
[37] In the Response to the Motion to Dismiss, Debtor stated:

> Debtor would consent to dismissal of its pending bankruptcy case conditioned on the case being dismissed prior the Court ruling on Plantation Center's pending Motion, if the Court were inclined to grant Plantation Center's Moton and deny Debtor's pending Motion to Assume Lease and reject Debtor's assertions that the lease has been effectively assumed via Debtor's Plan and prior testimony.

At the hearing, however, Debtor's counsel indicated that Debtor was agreeable even to the dismissal of the case with a bar to a future refiling for a certain period of time.

The UST consented to the Motion being heard first by the Court, and no persuasive or compelling reason was advanced as to why that course should not be followed.

**CONCLUSIONS OF LAW**

Section 365(d)(4)(A) of the Bankruptcy Code governs the assumption and rejection of unexpired leases of nonresidential real property and provides, in relevant part, that, subject to subsection (B), an unexpired lease of nonresidential real property under which the debtor is the lessee *shall be deemed rejected* and the trustee *shall immediately surrender* the nonresidential real property to the lessor, if the debtor fails to assume or reject the lease by the earlier of: (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan. 11 U.S.C. § 365(d)(4)(A) (emphasis added). Section 365(d)(4)(B) provides that: the Court may extend the initial "120-day period, for 90 days on the motion of the trustee or lessor, for cause." 11 U.S.C. § 365(d)(4)(B)(i) (emphasis added). These provisions are self-executing and mandated by the statute.

Throughout these proceedings, the Lease has remained Debtor's principal operating asset. Pursuant to 11 U.S.C. § 365(d)(4)(A), Debtor was required to file a plan or a motion to assume or reject the Lease, or obtain an order extending the statutory assumption period, within 120 days after the order for relief. Because this case was commenced by the filing of a voluntary petition on March 8, 2026, that filing constituted the order for relief pursuant to 11 U.S.C. § 301(b), and the § 365(d)(4) statutory deadline expired on July 6, 2026. Debtor neither assumed the Lease, confirmed a plan, nor obtained an order extending the statutory deadline before July 6, 2026.

The Debtor's amendment of its Voluntary Petition withdrawing its election to proceed under subchapter V with Court approval on July 8, 2026, did not create a new bankruptcy case, did not constitute a new order for relief, nor did it alter or restart the applicable deadlines

established by § 365(d)(4). Accordingly, because the deadline was not extended pursuant to the requirements of § 365(d)(4)(B), upon the expiration of the 120-day deadline on July 6, 2026, the Lease was deemed rejected by operation of § 365(d)(4)(A), and the Debtor had an immediate duty to surrender the Premises to Plantation.

Throughout this chapter 11 case, Debtor has repeatedly sought extensions of deadlines imposed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and orders of this Court. The docket reflects numerous requests for additional time to file required schedules, statements, reports, and financial information, as well as the subchapter V and chapter 11 plans and disclosure statement.[38]

Debtor has demonstrated a pattern of failing to comply with both Court-imposed and statutory deadlines, and the Court has repeatedly exercised its discretion to assist Debtor's case administration when so authorized by the Bankruptcy Code or applicable rules. On the issues raised by the Motion, the Bankruptcy Code speaks for itself. The Court's authority under § 365(d)(4) is materially different. Congress expressly limited the Court's authority by requiring that any extension of the assumption period be granted before expiration of the statutory deadline. *See In re Tubular Technologies*, *LLC*, 362 B.R. 243 (Bankr. D.S.C. 2006); *In re Tubular Technologies, LLC*, 348 B.R. 699 (Bankr. D.S.C. 2006).

Rather than timely seeking relief under § 365(d)(4) before the statutory deadline expired in this case, on July 6, 2026, Debtor waited until July 16, 2026–ten days after the statutory deadline expired–and only after having been advised by counsel for Plantation as a courtesy of its intent to file the Motion to declare the Lease terminated. Further, Debtor did not file a Motion to Assume Lease until July 29, 2026, approximately 135 days after the Petition Date.

---

[38] *See* ECF Nos. 9, 14, 28, 41, and 61.

Section 365(d)(4) mandates that certain case deadlines be met; it is a self-executing Code provision with strict requirements. The 120 day assumption period may be extended *only if* the Court grants such an extension under § 365(d)(4)(B) *prior to* the expiration of that statutory period. Once the 120-day period expired in this case on July 6, 2026, the Court no longer possessed statutory authority to extend Debtor's time to assume or reject the Lease.

The Court acknowledges that discussions between the parties concerning the Lease may have continued during the 120-day period following the commencement of the case, and that settlement negotiations had been ongoing for some time, but no motion to assume was filed with the Court prior to the expiration of the deadline as the Code requires. Federal Rule of Bankruptcy Procedure 6006 provides the procedural mechanism for the assumption, rejection, or assignment of an executory contract or unexpired lease. It expressly provides that Fed. R. Bankr. P. 9014 governs a proceeding to assume, reject, or assign an executory contract or unexpired lease other than as part of a plan. Rule 6006 does not alter or enlarge the substantive deadlines established by § 365(d)(4).

Settlement discussions, however, do not satisfy the requirements of § 365(d)(4),[39] and nothing was filed with the Court before expiration of the statutory deadline. In fact, even after the statutory deadline had expired, Debtor filed only a Motion to Extend Time to Assume Lease–the Motion to Assume Lease itself was not filed until approximately 135 days after the Petition Date.

[39] At the hearing, Debtor sought to introduce various emails between the parties discussing settlement discussions. *See* Fed. R. Evid. 408. The Court acknowledges that Fed. R. Evid. 408 includes an exception which would allow, in certain scenarios, for the evidence to be admitted to "negate a contention of undue delay." Regardless of the parties' mutual acknowledgment that ongoing discussions were intended to resolve Plantation's claim, those discussions could not override the clear and mandatory requirements of the Bankruptcy Code. To hold otherwise would create a dangerous precedent, effectively opening Pandora's box by permitting negotiations, settlement discussions, or other contemplated actions to be treated as affirmative acts sufficient to assume a lease or executory contract, contrary to the statutory framework.

The Court agrees with the rulings in *In re Tubular Technologies*, 362 B.R. 243 and *In re Tubular Technologies*, 348 B.R. 699, which hold that § 365(d)(4) is a self-executing statutory provision requiring strict compliance with the deadlines established by Congress and that the Court lacks authority to grant an extension of the deadline to assume a non-residential lease in a chapter 11 case after expiration of the 120-day period.

The Court further agrees with the reasoning of *In re AmerLink, Ltd.*, No. 09-01055-8-RDD, 2009 WL 2497776 (Bankr. E.D.N.C. Aug. 12, 2009), which reinforces the importance of the 120-day deadline established by § 365(d)(4) by distinguishing between a timely filed motion to assume a lease and a request to extend the statutory deadline to assume a lease. In *AmerLink*, the bankruptcy court carefully distinguished between a motion seeking an extension of the statutory deadline under § 365(d)(4)(B) and a motion to assume a nonresidential lease under § 365(d)(4)(A), holding that, where a debtor timely files a motion to assume a lease within the statutory period, the Bankruptcy Code does not require that the court hear and grant the motion before expiration of the 120-day period.

In *AmerLink*, the debtor filed a motion to assume a lease on the 119th day following the order for relief. Although the hearing on the motion to assume the lease occurred after expiration of the 120-day period, the court held that the lease was not deemed rejected because the debtor had timely invoked the Court's authority by filing its motion within the statutory period. The court thereby distinguished a timely motion to assume a lease from a motion seeking an extension of the statutory deadline to assume.

Here, by contrast, the Debtor satisfied neither statutory requirement. The Debtor did not file its Motion to Extend Time to Assume Lease until approximately ten days after the statutory deadline had expired and did not file its Motion to Assume Lease until approximately 135 days

after the Petition Date. The Debtor did not obtain an order extending the assumption period nor obtain Plantation's consent to such an extension before the expiration of the 120-day period as required by § 365(d)(4)(B). Likewise, Debtor did not timely file a Motion to Assume Lease before expiration of that period. Accordingly, under either analysis, Debtor failed to satisfy the requirements of § 365(d)(4).

Section 365(d)(4) expressly provides that once an expired lease of non-residential real property is deemed rejected, the trustee shall immediately surrender that non-residential real property to the lessor. The statutory language is mandatory. Accordingly, because the Lease was deemed rejected on July 6, 2026, the Debtor is required to immediately surrender possession of the leased Premises to Plantation. *See In re RNB Merchandise, LLC*, Case No. 23-02298-hb (Bankr. D.S.C. Apr. 12, 2024) (granting a motion compelling surrender of leased premises after lease was deemed rejected pursuant to § 365(d)(4)).

Notwithstanding the statutory requirement of immediate surrender, given the nature of the business that Lava operates on the Premises, the Court finds it appropriate under the circumstances to allow Debtor twenty-one days from entry of this Order to surrender the Premises in an orderly fashion and to leave the Premises secure, clean, and in substantially its current condition, ordinary wear and tear excepted.

The Court has not heard argument on the UST's Motion to Dismiss, and therefore, makes no determination regarding that Motion at this time. The Court understands Plantation's concern that dismissal of this Chapter 11 case before surrender of the Premises could impair the relief awarded herein. Accordingly, the Court will continue the hearing on the UST's Motion to Dismiss until September 24, 2026, to ensure that surrender of the Premises to Plantation properly occurs.[40]

[40] Although the Court does not address the merits of the Motion to Dismiss in this Order, as such motion has been continued, at the hearing Plantation indicated the continuing the matter was consistent with the reasoning of *In re*

The Court further notes, solely for purposes of the continued hearing on the Motion to Dismiss, that similar to the concerns previously expressed by the Subchapter V Trustee, the Amended Plan and Disclosure Statement appear, to some extent, to function as "placeholders." Although certain deficiencies were corrected by amendment, the Court observed at the hearing that other material deficiencies remain, including references to an incorrect claims bar date, inconsistencies in the classification and treatment of claims, and inconsistencies regarding the proposed cure of Plantation's rental arrearages. Those issues are not determinative of the Motion presently before the Court and are reserved for further consideration in connection with the continued hearing on the Motion to Dismiss.

For the foregoing reasons,

**IT IS THEREFORE ORDERED THAT** Plantation Center of Hilton Head, LLC's Motion for Order that the Nonresidential Lease Was Deemed Rejected Pursuant to 11 U.S.C. § 365(d)(4), and to Direct Immediate Surrender of the Premises is **GRANTED.**

**IT IS FURTHER ORDERED** that the Lease between Plantation Center of Hilton Head, LLC and Palmetto Therapy Services, Inc. for the commercial premises located at 811 William Hilton Parkway, Hilton Head Island, South Carolina, was deemed rejected by operation of law pursuant to 11 U.S.C. § 365(d)(4), effective July 6, 2026.

---

*Surtronics, Inc.*, Case No. 13-05672-8-SWH, 2014 WL 25811159 (Bankr. E.D.N.C. June 9, 2014). In *Surtronics*, the bankruptcy court recognized that a landlord's substantive right to possession following rejection of a nonresidential lease under 11 U.S.C. § 365(d)(4) arises by operation of the Bankruptcy Code and has no immediately equivalent remedy under applicable state law. The court concluded that dismissal should not be permitted to moot or frustrate the landlord's right to obtain relief under § 365(d)(4), observing that such rights should be resolved within the bankruptcy proceeding before dismissal. *Id.; see also In re The Deli Den, LLC*, 425 B.R. 725, 726–27 (Bankr. S.D. Fla. 2010; *In re Scarborough-St. James Corp.*, No. 15-10625 (LSS), 2015 WL 5672628, at *5 (Bankr. D. Del. Sept. 24, 2015) (providing that substantive orders entered in a chapter 11 case, including an order pursuant to 11 U.S.C.§ 365(d)(4)(A) requiring the surrender of leased premises, would survive and remain in full force and effect after dismissal of the case.).

**IT IS FURTHER ORDERED** that Debtor shall surrender possession of the Premises to Plantation Center of Hilton Head, LLC within twenty-one days after entry of this Order. Debtor shall vacate the Premises in an orderly fashion, leaving the Premises secure, clean and in substantially the same condition as it presently exists, ordinary wear and tear excepted, and shall take all such acts and deliver to Plantation all keys, access devices, alarm codes, and any other means necessary to restore Plantation to the possession of the Premises.

**IT IS FURTHER ORDERED** that the hearing on the United States Trustee's Motion to Dismiss is continued until September 24, 2026.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**08/07/2026**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Entered: 08/07/2026

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina